IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOBBY RAY COLLINS,** | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-12-00232** |
| **v.** | : | **(Judge Rambo)** |
| **KEVIN PIGOS,** *et al.*, | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Plaintiff Bobby Ray Collins, an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated this civil action with a complaint filed on February 7, 2012, as amended April 2, 2012, against four Bureau of Prisons ("BOP") officials.[1]  In the amended complaint, Plaintiff asserts violations of his civil rights, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973, with respect to a knee surgery and post-operative physical therapy.

Before the court is a motion to dismiss the amended complaint filed on behalf of Defendants.  (Doc. 20.)  Also before the court is a motion to amend the complaint, filed by Plaintiff.  (Doc. 66.)  For the reasons set forth below, the motion to dismiss will be granted with prejudice in part and granted without

---

[1] Named as Defendants are Kevin Pigos, Clinical Director; H. Seon Spada, Regional Quality Improvement Coordinator; F. Fasciana, Physician's Assistant; and D. Brewer, Unit Manager.

prejudice in part. In connection with granting the motion to dismiss without prejudice, the court will grant Plaintiff leave to amend his complaint as to the relevant claims. To that end, Plaintiff's motion to amend will be granted.

I. **Background**

    A. **Facts**

In the amended complaint, Plaintiff provides the following factual background with respect to his claims. For purposes of disposition of the instant motion to dismiss, the factual allegations asserted in the amended complaint will be accepted as true and viewed in a light most favorable to Plaintiff.

On December 23, 2010, Plaintiff was evaluated at USP-Lewisburg by an orthopedic doctor for an injury to his right knee. (Doc. 18 at 4.) At that time, the doctor diagnosed Plaintiff with a torn anterior cruciate ligament ("ACL") and recommended reconstructive surgery, post-operative rehabilitative physical therapy, a bottom-bunk pass, and a knee-sleeve. (*Id.*) In the months following this recommendation, Defendant Fasciana, a physician's assistant at USP-Lewisburg submitted several requests for Plaintiff's transfer to a medical referral center ("MRC") for surgery and post-operative physical therapy, but those requests were denied by either Defendant Spada or Pigos. (*Id.* at 3.) On August 17, 2011,

Plaintiff received approval for transfer to a MRC.  (*Id*.)  Rather than follow that directive, however, Defendants Spada and Pigos had Plaintiff transferred to a local hospital, Bloomsburg Hospital, for the knee surgery, thus denying Plaintiff the opportunity to have knee surgery and post-operative physical therapy at an MRC.[2] (*Id*.)  After the surgery, Plaintiff has been provided with physical therapy only at USP-Lewisburg.  (*Id*.)

As to the bottom-bunk pass, Plaintiff alleges that after the orthopedic doctor made his recommendations on December 23, 2010, Defendant Brewer refused to grant him the pass until April 8, 2011.  (*Id*. at 4.)  Plaintiff also alleges that Defendants Fasciana and Pigos denied him the knee-sleeve for over a year after the doctor's recommendations.[3]  (*Id*.)

In connection with these allegations, Plaintiff claims that he is a "disabled individual" who is being discriminated against because of his disability.  (*Id*. at 3, 5.)  The discrimination Plaintiff has suffered is the denial of post-operative physical therapy at a MRC, and delays in receiving a bottom-bunk pass and knee-

---

[2] In his amended complaint, Plaintiff does not provide a date for his transfer to Bloomsburg Hospital, but from his brief in opposition to the instant motion it appears that he had surgery at Bloomsburg Hospital on November 2, 2011, nearly one year after the orthopedic doctor's recommendation.  (Doc. 37 at 8.)

[3] At the time Plaintiff filed his amended complaint in February 2012, he had not yet received the knee-sleeve, (*see* Doc. 18 at 4); however, he did receive it by the time he filed his brief in opposition to the instant motion to dismiss, (*see* Doc. 37 at 4).

sleeve.  (*Id*.)  Further, Plaintiff alleges that Defendants have acted with deliberate indifference to his serious medical needs by denying him such post-operative care. (*Id*.)

## B.    Procedural History

Plaintiff initially filed a complaint on February 7, 2012.  (Doc. 1.)  By order dated February 22, 2012, the court directed service of the complaint.  (Doc. 12.) Before Defendants answered the complaint, Plaintiff filed a motion to amend his complaint, along with a proposed amended complaint.  (Doc. 15.)  By order dated April 2, 2012, the court granted the motion to amend, accepted the amended complaint for filing, and directed service of that amended complaint.  (Doc. 17.)

On April 20, 2012, Defendants filed a motion to dismiss and for summary judgment.[4]  (Doc. 20.)  A brief in support followed on May 4, 2012.  (Doc. 25.) Plaintiff filed an initial brief in opposition to the motion to dismiss on May 11, 2012, (Doc. 26), but sought permission to supplement that brief in opposition by motion dated May 14, 2012, (Doc. 27).  The court granted Plaintiff's motion, (Doc. 28), and Plaintiff filed his supplemental opposition on July 6, 2012, (Doc. 37).

_____

[4] Defendants originally filed a motion to dismiss and for summary judgment.  (Doc. 20.) However, in their brief in support of the motion to dismiss, Defendants state that after further review of the amended complaint, they wish to withdraw their motion for summary judgment and argue solely for dismissal.  (Doc. 25 at 1 n.1.)  In response to that assertion, the court has deemed withdrawn the motion for summary judgment, and will consider Defendants' motion as solely seeking dismissal of Plaintiff's claims.  (*See* Doc. 20, Docket.)

Defendants filed a reply on July 20, 2012. (Doc. 47.) After the court granted

Plaintiff leave to file a sur-reply, (*see* Doc. 77), Plaintiff filed that sur-reply on

October 17, 2012, (Doc. 80). Thus, the motion to dismiss is now ripe for

disposition.

## II.  **Discussion**

In their motion to dismiss, Defendants argue that the amended complaint

should be dismissed on two grounds. First, Defendants contend that to the extent

that Defendants are being sued in their official capacities, the amended complaint

should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of

the Federal Rules of Civil Procedure. Second, Defendants contend that pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure, the amended complaint

should be dismissed for failure to state a claim upon which relief can be granted.

The court will address these arguments in turn.

### A.  **Rule 12(b)(1) Motion**

#### 1.  **Standard of Review**

Federal courts are courts of limited jurisdiction and, thus, are permitted to

adjudicate cases and controversies only as allowed under Article III of the United

States Constitution, U.S. Const. art. III, § 2. A motion to dismiss under Rule

12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the

court to address the merits of the plaintiff's suit. Fed. R. Civ. P. 12(b)(1). When

considering a challenge to the court's jurisdiction pursuant to Rule 12(b)(1), no

presumption of truthfulness attaches to the plaintiff's allegations, *see Mortensen v.*

*First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977), and the court

may go beyond the four corners of the complaint and make factual findings which

are decisive to the issue, relying on evidence such as affidavits, depositions and

other testimony. *Emp'rs Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42,

45 (3d Cir. 1990). The plaintiff bears the burden of persuading the court that it has

jurisdiction. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d

Cir. 1991); *Kligman v. I.R.S.*, 272 F. App'x, 166, 168 (3d Cir. 2008).

## 2. **Analysis**

In their motion to dismiss, Defendants assert that Plaintiff's constitutional

claims for money damages against Defendants in their official capacities are barred

by the doctrine of sovereign immunity. (Doc. 25 at 4-5.) To this end, Defendants

have construed Plaintiff's amended complaint as a *Bivens*[5]-type action in that

---

[5] *Bivens* actions are the federal counterpart to § 1983 claims brought against state
officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip
Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the
principles developed in the case law applying section 1983 to establish the outer perimeters
of a *Bivens* claim against federal officials." *Schrob v. Catterson*, 948 F.2d 1402, 1409 (3d Cir.
1991).

Plaintiff has claimed that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (*See id.*) In his brief in opposition, Plaintiff argues that his amended complaint is not based on a *Bivens* cause of action, but is brought strictly under section 504 of the Rehabilitation Act. (Doc. 37 at 3-4.) However, a reading of both Plaintiff's amended complaint and his brief in opposition to the motion to dismiss belies this assertion. As discussed *infra*, Plaintiff does attempt to assert that his Eighth Amendment right to be free from cruel and unusual punishment was violated when Defendants were deliberately indifferent to his serious medical needs.[6] (*See* Docs. 18 & 37.) As such, the court will address Defendants' argument here with respect to immunity from suit.

While a plaintiff may assert a *Bivens* claim against individual federal officials acting in their individual capacities, they may not sue to recover monetary damages against federal officials in their official capacities. *See Reynolds v. Fed. Bureau of Prisons*, Civ. No. 09-3096, 2010 WL 744127, at *3 (E.D. Pa. Mar. 2, 2010). An action against government officials in their official capacities

_____

[6] By way of example, in his amended complaint, Plaintiff asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment with respect to Defendants' failure to transfer him to a MRC for his knee rehabilitation. (Doc. 18 at 3.) Further, in his brief in opposition to the motion to dismiss, Plaintiff sets forth specific arguments with respect to his deliberate indifference claim. (Doc. 37 at 6.)

constitutes an action against the United States and its federal agencies such as the

BOP; and *Bivens* claims against the United States are barred by sovereign

immunity, absent an explicit waiver. *See Fed. Deposit Ins. Corp. v. Meyer*, 510

U.S. 471, 483 (1994); *Jaffee v. United States*, 592 F.2d 712, 717 (3d Cir. 1979).

The court further notes that the United States' sovereign immunity from suits for

money damages has not been waived by the Rehabilitation Act, except in situations

not applicable here; *i.e.*, when a federal agency is a "Federal provider of . . .

assistance" to state, local, and other entities outside the federal government that

have discriminated in violation of Section 504. *Lane v. Pena*, 518 U.S. 187, 191-

92 (1996). *Lane* clarified that federal funding of entities "that the Federal

Government manages itself," like, the Merchant Marine Academy in *Lane*, and the

BOP here, does not bring "any act" of federal executive agencies within this

narrow waiver of sovereign immunity. *Id.* at 194-95. Therefore, Plaintiff's claims

for monetary damages under *Bivens* and the Rehabilitation Act against Defendants

in their official capacities are barred, and the motion to dismiss will be granted.

**B.**     **Rule 12(b)(6) Motion**

**1.**     **Standard of Review**

Among other requirements, a sound complaint must set forth "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in the context of Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. A plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *accord*, *e.g.*, *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), and view them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555, 570) (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 664. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at

678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." (internal quotation omitted)). However, the court may not rely on other parts of the

record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### 2.  Analysis

#### a.  ADA Claim

In his amended complaint, Plaintiff asserts that his claims are brought pursuant to provisions of the Americans with Disabilities Act ("ADA"). In their

motion to dismiss, Defendants argue that any claims brought under the ADA should be dismissed because the ADA does not apply to federal correctional institutions. Upon review, the court will dismiss Plaintiff's claims that Defendants violated his rights under the ADA because it does not apply to the federal government, its agencies, or employees.[7] *See, e.g., United States v. Wishart*, 146 F. App'x 171, 173 (9th Cir. 2005) ("By definition, the ADA does not apply to the federal government"); *Luna v. Roche*, 89 F. App'x 878, 881 n.4 (5th Cir. 2004) ("The ADA does not apply to the federal government"); *Howard v. Bureau of Prisons*, Civ. No. 3:05-CV-1372, 2008 WL 318387, at *9 (M.D. Pa. Feb. 4, 2008) (Caputo, J.).

### b. Rehabilitation Act Claim

In the amended complaint, Plaintiff claims that Defendants violated the Rehabilitation Act of 1973 when they denied him a transfer to a MRC for knee surgery, post-operative physical therapy, a bottom-bunk pass, and a knee-sleeve.[8] In their motion to dismiss, Defendants argue that Plaintiff has failed to state a

---

[7] In his brief in opposition, Plaintiff concedes that the ADA is not applicable to the federal government and his claim against the individual BOP Defendants, and seeks withdrawal of that claim. (Doc. 37 at 6-7.)

[8] Although Defendants cannot be sued in their individual capacities under the Rehabilitation Act, they can be sued in their official capacities for damages or equitable relief. *See Daniel v. Levin*, 172 F. App'x 147, 149 (9th Cir. 2006).

claim here.  Upon review, the court will grant without prejudice Defendants'

motion to dismiss and afford Plaintiff the opportunity to reassert a claim against

Defendants under the Rehabilitation Act in an amended complaint.

Section 504 of the Rehabilitation Act prohibits discrimination on the basis of

disability.  *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Specifically, section 504(a) of the Rehabilitation Act provides, in pertinent part:

> No otherwise qualified individual with a disability in the United
> States, as defined in section 705(20) of this title, shall, solely by
> reason of her or his disability, be excluded from the participation in,
> be denied the benefits of, or be subjected to discrimination under any
> program or activity receiving Federal financial assistance or under any
> program or activity conducted by any Executive agency . . . .

29 U.S.C. § 794(a).  The Act requires that qualified disabled individuals be

"provided with meaningful access to the benefit" in question.  *Alexander v.

Choate*, 469 U.S. 287, 301 (1985).

To succeed on a claim brought under the Rehabilitation Act, a plaintiff must

meet the threshold burden of establishing that he is "disabled" within the meaning

of the statute.  *Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1453-54 (7th Cir.

1995).  This inquiry is an individualized one, and must be determined on a case-by-

case basis.  *Id*. at 1454.  Thus, to be eligible for relief, a plaintiff must first show

that (1) he is an "individual with a disability," (2) he was otherwise qualified for

the benefit of the program, and (3) he was excluded because of discrimination on

account of his disability. *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995). A plaintiff is a qualified individual with a disability only if he: (1) has a physical or mental impairment that substantially limits one or more major life activities of such individual; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1); *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 478 (1999). Major life activities are defined as including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2). Further, "not every impairment that affected an individual's major life activities is a substantially limiting impairment." *Roth*, 57 F.3d at 1454 (citing *Hamm v. Runyon*, 51 F.3d 721, 726 (7th Cir. 1995) ("Many impairments do not impact an individual's life to the degree that they constitute disabling impairments.") (citation omitted)). In *Evans v. City of Dallas*, 861 F.2d 846, 852-53 (5th Cir. 1988), for example, the plaintiff was discharged after excessive absenteeism attributable to a knee injury that required surgery. The Fifth Circuit court held that the plaintiff was not "disabled" within the meaning of the Rehabilitation Act since the Act contemplates an impairment of a more permanent nature. *Id*. at 853.

In the instant case, at this stage in the litigation and viewing the amended complaint in a light most favorable to Plaintiff, the court concludes that under the applicable standards set forth above, Plaintiff's claims do not trigger Rehabilitation Act liability on the part of Defendants. More specifically, Plaintiff has failed to allege facts regarding his personal condition that would compel the court to find that his injury rose to the level of a "disability" for purposes of the Act. While Plaintiff claims that he has not been able to participate in "daily activities," (Doc. 18 at 3), without more explanation, the court finds that he has failed to adequately plead the existence of an impairment that would rise to the level of "substantially" limiting one or more of his major life activities. Thus, the court is not convinced that Plaintiff has met his threshold burden of establishing a "disability" under the applicable standards. Defendants' motion to dismiss will be granted without prejudice. However, in the interest of justice to this *pro se* Plaintiff, the court will afford Plaintiff the opportunity to reassert this claim against Defendants in an amended complaint.

### c. _Bivens_ Claims

In the amended complaint, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs when they failed to transfer him to a MRC for his knee surgery and post-operative physical therapy, and delayed his bottom-bunk pass and knee-sleeve. In their motion to dismiss, Defendants contend that Plaintiff has failed to state a claim upon which relief can be granted. Upon review, the court will grant the motion to dismiss without prejudice, but permit Plaintiff the opportunity to reassert this claim in an amended complaint.

In order to establish an Eighth Amendment claim against a defendant for inadequate medical care, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions . . . that indicate deliberate indifference to that need." _Natale v. Camden Cnty. Corr. Facility_, 318 F.3d 575, 582 (3d Cir. 2003); _see also Rouse_, 182 F.3d at 197. A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. _Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro_, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." _Id._ (quoting _Estelle v. Gamble_, 429 U.S.

97, 103 (1976)).  Therefore, deliberate indifference may be manifested by an intentional refusal to provide medical care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury.  *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993); *see also Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (quoting *White v. Napolean*, 897 F.2d 103, 109 (3d Cir. 1990) (finding "deliberate indifference to serious medical needs" standard is met when pain is intentionally inflicted on a prisoner, where the denial of reasonable requests for medical treatment exposes an inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care)).

The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm."  *Farmer*, 511 U.S. at 841.  "The official must both be aware of the facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837.  Thus, a complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . ." *Estelle*, 429 U.S. at 106.

Further, when an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. *Nottingham v. Peoria*, 709 F. Supp. 542, 547 (M.D. Pa. 1988). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Lanzaro*, 834 F.2d at 346. Accordingly, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107. Only flagrantly egregious acts or omissions can violate the standard. Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. *White*, 897 F.2d at 108-10; *see also Estelle*, 429 U.S. at 105-06 (medical malpractice is insufficient basis upon which to establish an Eighth Amendment violation); *Rouse*, 182 F.3d at 197 ("It is well-settled that claims of negligence and medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'"); *Lanzaro*, 834 F.2d at 346 (concluding that mere allegations of malpractice do not raise issues of constitutional import).

In the instant motion to dismiss, Defendants contend that Plaintiff has failed to set forth any facts to support his allegation that he has been subjected to imminent harm and imminent danger in violation of the Eighth Amendment, and thus has failed to state a claim. (Doc. 25.) In support, they claim that Plaintiff's

allegations that he was transferred to a Bloomsburg Hospital rather than to an

outside medical facility for his knee surgery, and that he did not receive a knee-

sleeve when other similarly-situated inmates did, do not support a deliberate

indifference claim. (*Id*.) Further, they argue that even though Plaintiff asserts that

he was "denied" ACL surgery, he does not allege any facts to indicate how this

delay resulted in injury. (*Id*.) In light of the aforementioned standard for setting

forth a claim of deliberate indifference in these circumstances, and despite a liberal

pleading standard, the court agrees with Defendants that Plaintiff has failed to state

a claim. Specifically, on the face of the amended complaint, this appears to be a

case where Plaintiff has received medical treatment and is simply disputing the

adequacy of that treatment. This alone does not establish an Eighth Amendment

claim. *See Nottingham*, 709 F. Supp. at 547; *see also Lanzaro*, 834 F.2d at 346

(finding mere disagreement as to the proper medical treatment does not support an

Eighth Amendment claim). However, reading the complaint liberally, it appears

that Plaintiff may be trying to assert a claim for deliberate indifference based on an

unconstitutional delay in medical treatment. For example, Plaintiff takes issue

with the significant amount of time between the orthopedic doctor's

recommendation for knee surgery and the surgery itself, as well as the delay in

receiving a knee-sleeve and a bottom-bunk pass, both as recommended by the

doctor. Nevertheless, Plaintiff has not provided any support as to whether these delays occurred due to non-medical reasons, possibly relating to discrimination, as is necessary for establishing a claim of deliberate indifference to serious medical needs based on a delay of medical treatment. *See Durmer*, 991 F.2d at 68. As such, the motion to dismiss will be granted without prejudice and Plaintiff will be afforded the opportunity to amend his complaint to reassert a claim of deliberate indifference to serious medical needs against Defendants.[9]

### C.  Plaintiff's Motion for Leave to File an Amended Complaint

Plaintiff has also filed a motion for leave to file an amended complaint, along with a proposed second amended complaint. (Doc. 66.) Upon review, the court will grant Plaintiff's motion for leave to file an amended complaint, but will not accept the proposed amended complaint for filing. Rather, Plaintiff shall file an amended complaint that comports with the directives set forth in this memorandum.

---

[9] In his brief in opposition to the motion to dismiss, Plaintiff further articulates a claim against Defendant Brewer relating to the denial of a bottom-bunk pass. To the extent that Plaintiff is attempting to state an Eighth Amendment conditions of confinement claim here, Plaintiff may include such a claim in his amended complaint so long as that claim arises out of the same transaction, occurrence, or series of transactions or occurrences, as the rest of the amended complaint, and shares a question of law or fact common to all defendants. *See* Fed. R. Civ. P. 20(a).

In preparing his amended complaint, Plaintiff is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

To meet the standards set forth in Rule 8, Plaintiff's amended complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Purveegiin v. Pike Cnty. Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219, at *2 (M.D. Pa. June 6, 2006) (quoting *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990)).

In addition, Plaintiff is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an

adequate complaint without reference to the complaint already filed." *Young v.*

*Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must specify

the existence of actions by defendants which have resulted in constitutional

deprivations. *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370–73 (1976).

Plaintiff's amended complaint should be limited with respect to only those

defendants and claims that arise out of the same transaction or occurrence or series

of transactions or occurrences and that have questions of law or fact common to all

defendants and claims. Plaintiff should file separate actions as to any defendants

and claims that do not share common legal and factual questions and that do not

arise out of the same transactions or occurrences.

Plaintiff is advised that if he fails, within the applicable time period, to file

an amended complaint adhering to the standards set forth above, the remaining

claims against Defendants will be dismissed with prejudice for failure to state a

claim.


## III.   Conclusion

For the reasons set forth herein, the motion to dismiss will be granted with

prejudice as to Plaintiff's claims for monetary damages under *Bivens* and the

Rehabilitation Act against Defendants sued in their official capacities. The motion

to dismiss the ADA claim also will be granted with prejudice.  Further, the motion to dismiss will be granted without prejudice as to Plaintiff's claims brought pursuant to the Rehabilitation Act and the Eighth Amendment.  Plaintiff will be granted leave to amend his complaint to state these claims against Defendants, if possible.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  March 11, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BOBBY RAY COLLINS,                  :
                                    :
          Plaintiff                 :          CIVIL NO. 1:CV-12-00232
                                    :
     v.                             :          (Judge Rambo)
                                    :
KEVIN PIGOS, *et al.*,              :
                                    :
          Defendants                :

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT** the motion to dismiss (Doc. 20) is **GRANTED** as follows:

1) The motion to dismiss (Doc. 20) the *Bivens* and Rehabilitation Act

claims against Defendants in their official capacities is **GRANTED** with prejudice;

2) The motion to dismiss (Doc. 20) the ADA claim is **GRANTED**

with prejudice,

3) The motion to dismiss (Doc. 20) the claims brought pursuant to the

Rehabilitation Act and the Eighth Amendment is **GRANTED** without prejudice;

4) Plaintiff's motion to amend his complaint (Doc. 66) is **GRANTED**;

5) Plaintiff's amended complaint shall be filed in accordance with the

instructions set forth in the accompanying memorandum no later than **March 26, 2013**.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated:  March 11, 2013.